IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

VANESSA E. JIMENEZ,

    Plaintiff,
v.

MIDAS SOUTHEAST, LLC,
a Florida Limited Liability Company,
f/k/a TV DIVERSIFIED, LLC,
a Florida Limited Liability Company,
_____/

## COMPLAINT

COMES NOW the Plaintiff, VANESSA E. JIMENEZ, [hereinafter referred to as "JIMENEZ" or "Plaintiff"] by and through her undersigned attorney, hereby files this lawsuit against Defendant, MIDAS SOUTHEAST, LLC, a Florida Limited Liability Company, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff JIMENEZ is a resident of Palm Beach County, Florida.

5. Defendant MIDAS SOUTHEAST, LLC [hereinafter referred to as "MIDAS" or "Defendant"], has a principal address at 1530 53rd Street, West Palm Beach, FL 33407.

6. This cause of action arose in Palm Beach County, Florida.

7. Palm Beach County, Florida is proper venue for this action because Plaintiff resides in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Palm Beach County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under state and federal law.

9. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant from on or about October 28, 2018 up to and including her termination on November 12, 2019.

13. From the beginning of her employment through May 2019, Plaintiff performed administrative tasks, such as: typing bid documents, document control, and submitting permit applications as directed by her supervisor.

14. In May 2019, Plaintiff was informed that she was being named "Office Manager," and given some additional tasks, such as arranging to have office equipment serviced and comparison shopping service providers for items such as Internet service and fire alarms, but she did not have the authority to make changes without approval.

15. Although Plaintiff was given the title of "office manager," she did not supervise or manage any of the other employees within the office and was told by both her General Manger and Divisional Manager: "It's not your job to tell them what to do."

16. Plaintiff was paid a salary of $49,000.00 throughout the duration of her employment.

17. Plaintiff regularly worked over forty (40) hours in a given work week.

18. Defendant failed to pay Plaintiff overtime as required by federal law.

19. Plaintiff is seeking overtime damages for the Defendant's unlawful deductions.

20. Plaintiff's good faith estimate is that she worked an average of 55 hours a week. Based on this estimate, Plaintiff calculates that she is owed overtime at her half time rate. Her regular rate of $18.36 is based on Defendant's payment to her of $1009.62 per week divided by 55 hours of work per week. She alleges for each week she is owed $137.70 in unpaid overtime $18.36 (regular rate) /2 = $9.18 (half time) x 15 hours per week = $137.70 x 54 weeks = $7,435.80. Plaintiff seeks an equal amount as liquidated damages for a total of $14,871.60

21. Defendant cannot take advantage of an exemption from paying overtime because Defendant did not pay Plaintiff on a salaried basis as that term is defined in 29 C.F.R. § 541.600. Defendant made improper deductions for full and partial day absences in violation of 29 C.F.R. § 541.600, et seq.

22. As a result of the unlawful deductions, Plaintiff is non-exempt.

23. Even notwithstanding the deductions, Plaintiff's duties do not qualify as exempt.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

24. Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

25. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all

hours worked in excess of forty (40) hours per week.

26. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with Defendant.

27. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by Defendant.

28. Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

29. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

32. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated this 20th day of April 2020.

                        SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Anne Tomasello
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Anne Tomasello, Esq.
Florida Bar No. 0877751
Primary e-mail: ATomasello@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com